UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES WAYNE SNEED, Petitioner | CIVIL ACTION NO. 5:18-CV-127-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Charles Wayne Sneed ("Sneed") (#80145). Sneed is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Sneed claims that his due process rights are being violated by the failure of state authorities to grant him parole or to conduct a parole hearing.

Because Sneed does not have a liberty interest in being granted parole, Sneed's petition should be denied and dismissed.

I. Background

Sneed was convicted of second degree murder and sentenced to life imprisonment at hard labor. State v. Sneed, 316 So.2d 372, 374 (La. 1975). Sneed was 17 years old at the time of the offense. Id. Sneed alleges that he was ordered to serve the first 20 years of his sentence without the benefit of probation or parole. (Doc. 1, p. 2; Doc. 1-2, p. 6). Sneed complains that he served over 20 years of his sentence, but has been denied parole.

In Sneed's most recent application for post-conviction relief, which was denied by the trial court in August of 2016, Sneed claimed that his parole eligibility created a liberty interest after he served 20 years of imprisonment. (Doc. 6-1, p. 16). In an effort to overcome the untimeliness of the application, Sneed relied on Montgomery v. Louisiana, 136 S.Ct. 718, 732 (2016) (holding that the prohibition on mandatory life without parole for juvenile offenders addressed in Miller is a substantive rule that is retroactive in cases on collateral review). The trial court noted that Montgomery is not applicable because Sneed was not sentenced to life without the benefit of probation or parole. (Doc. 6-1, p. 17). Rather, Sneed's sentence included the possibility of parole after serving 20 years. The trial court dismissed Sneed's application as repetitive. (Doc. 6-1, p. 17).

Sneed sought writs in the Louisiana Supreme Court, but writs were denied. State ex rel. Sneed v. State, 2016-1339 (La. 1/9/18), 232 So.3d 548.

Sneed was considered for a commutation of sentence in 1994, which was denied. (Doc. 6-1, p. 17). Sneed was informed by the trial court that he must pursue his claims against the parole board in the 19th JDC. (Doc. 1-2, p. 21). Under Louisiana law, the 19th JDC has jurisdiction to consider complaints concerning parole eligibility. See La. R.S. 15:571.15. According to the Clerk of Court for the 19th JDC, Sneed has not file suit in that judicial district.

Regardless, in denying writs, the Louisiana Supreme Court noted, "[w]ith the enactment of 2017 La. Acts, No. 280 § 3, including R.S. 15:574.4(H), relator's eligibility for parole consideration is no longer dependent upon a commutation of his

sentence to a fixed term of years, but will instead be governed by the criteria set forth in R.S. 15:574.4(H)." State ex rel. Sneed v. State, 2016-1339 (La. 1/9/18), 232 So.3d 548. According to the Louisiana Board of Pardons and Parole, a parole hearing date is set for Sneed on July 9, 2018.[1]

## II. Law and Analysis

### A. Sneed cannot show that his custody is in violation of the Constitution or laws of the United States.

A federal court may entertain an application for a writ of habeas corpus from a person in state custody only on the ground that he is in custody in violation of the Constitution or laws of the United States. See Trussell v. Estelle, 699 F.2d 256, 259 (5th Cir. 1983). Sneed cannot make such a showing. Sneed cites Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979), and claims that the sentence imposed upon him promised parole, probation, or the suspension of sentence after serving 20 years.

First, in Greenholtz, inmates from Nebraska filed suit under 42 U.S.C. § 1983, contending that the Nebraska parole statutes and parole board procedures denied them procedural due process. The Supreme Court rejected the argument that the mere possibility of parole creates a conditional liberty interest that involves constitutional protection. Id. The Supreme Court found, however, that the Nebraska statute at issue did provide for automatic parole unless certain factors were found to exist. Thus, the Court concluded that the Nebraska statute created an expectancy of release that occasioned some constitutional protection. See Irving v. Thigpen, 732

---

[1] http://doc.louisiana.gov/parole-dockets/

3

F.2d 1215, 1216 (5th Cir. 1984) (citing Greenholtz, 442 U.S. at 12). In reaching this conclusion, the Court emphasized the "unique structure and language" of the Nebraska statute, and mandated case-by-case evaluation of the statutes of the other states. Id. Thus, there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Id. A state may establish a parole system, but it has no duty to do so. See Greenholtz, 442 U.S. at 7.

Louisiana law has not created a liberty interest in parole that is protected by the Due Process clause. See Stevenson v. Louisiana Bd. Of Parole, 265 F.3d 1060 (5th Cir. 2001) (citing Sinclair v. Ward, 205 F.3d 1338 (5th Cir. 1999) (Louisiana parole statutes do not give rise to a constitutionally protected liberty interest in parole release)). Louisiana prisoners may not challenge their parole procedures under the Due Process Clause. See Stevenson v. Louisiana Board of Parole, 265 F.3d 1060 (5th Cir. 2001). Inmates meeting standards contained in the law do have a statutory right to parole consideration, but the Parole Board has full discretion when passing on applications for early release. See State v. Morgan, 2002-1489 (La. App. 4 Cir. 3/12/03, 5), 842 So. 2d 1126, 1138, writ denied, 2003-1062 (La. 10/17/03), 855 So. 2d 759.

Because Sneed does not have a liberty interest in being granted parole, probation, or suspension of sentence, he cannot show that his custody is in violation of the Constitution or federal law.

To the extent Sneed seeks a parole hearing, a finding of which would not automatically entitle him to release, Sneed would have to file a complaint under §

1983. Sneed has a parole hearing scheduled for July 9, 2018. Thus, Sneed's claim would likely be moot.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Sneed's petition be DENIED and DISMISSED, with prejudice as to Sneed's request to be released on parole, but without prejudice to Sneed seeking relief under § 1983 if he does not receive the hearing scheduled in July.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __25th__ day of April, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge